986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Morgan FLANAGAN, Defendant-Appellant.
 No. 92-6275.
 United States Court of Appeals, Tenth Circuit.
 Feb. 4, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Flanagan was charged with possession of fifty-four and one-half pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Following an unsuccessful motion to suppress the evidence, Mr. Flanagan entered a conditional guilty plea. On appeal Mr. Flanagan asserts only that the district court erred in denying his motion to suppress. We affirm.
 
 
 3
 The significant facts are not in dispute. Mr. Flanagan was wanted by the FBI on a parole violator's warrant. An informant told the FBI that Mr. Flanagan and his vehicle, which was a pickup with a camper shell, was located at the residence of Mr. Rippetoe; that Mr. Flanagan had fifty pounds of marijuana with him; and that he was about to depart the state. Mr. Rippetoe was also the subject of an FBI investigation and the FBI did not wish Mr. Rippetoe to be aware of Mr. Flanagan's arrest. Consequently, the FBI waited for Mr. Flanagan to leave Mr. Rippetoe's residence. When Mr. Flanagan left the Rippetoe residence and presumably was out of sight of the residence, Mr. Flanagan was arrested. Mr. Flanagan's pickup, which he was driving at the time of his arrest, was immediately impounded and driven to the FBI offices where Mr. Flanagan gave the FBI a key to the locked camper. The FBI performed an inventory search prior to moving the pickup to a storage location. Upon entering the camper shell, the FBI found two large square pillow cases and upon looking inside the pillow cases the quantity of marijuana was first smelled and then seized. The inventory was cursory as it was getting late, and the agents were busy with another case involving twenty defendants. A thorough inventory search of the pickup/camper was not made until two days later. The FBI gave Mr. Flanagan no receipt for the vehicle.
 
 
 4
 Following an evidentiary hearing the district court held: (1) the basis for the arrest was the outstanding warrant and the arrest was not a ruse to find the marijuana; (2) the inventory search, while not in strict conformity with FBI regulations, was in substantial conformity therewith; and (3) the inventory search was proper.
 
 
 5
 Mr. Flanagan appeals asserting: (1) the inventory search of the vehicle was not in substantial conformity with FBI policy; and (2) Mr. Flanagan's arrest was a ruse to search for contraband.
 
 I.
 
 6
 On appeal of the denial of a motion to suppress we must accept the trial court's findings of fact unless clearly erroneous and we must consider the evidence in the light most favorable to the government. United States v. McAlpine, 919 F.2d 1461, 1463 (10th Cir.1990). We review the ultimate determination, i.e., the reasonableness of the search and seizure as a question of law--de novo. United States v. Ibarra, 955 F.2d 1405, 1409 (10th Cir.1992) (citing United States v. Pena, 920 F.2d 1509, 1513-14 (10th Cir.1990), cert. denied, 111 S.Ct. 2802 (1991)). Inventory searches are judged under the reasonableness standard of the Fourth Amendment. South Dakota v. Opperman, 428 U.S. 364, 372-73 (1976).
 
 II.
 As the district court correctly stated:
 
 7
 Inventory searches are a recognized exception to the warrant requirements of the fourth amendment, as the policies behind that requirement are not implicated in an inventory search. Colorado v. Bertine, 479 U.S. 367, 371 (1987). Nonetheless, because such searches represent an exception, they must "be conducted according to standardized criteria." Id. at 374 n. 6. In addition, "standardized criteria or established routine must regulate the opening of containers found during inventory searches ... on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." Florida v. Wells, 495 U.S. 1, 4 (1990) (citations omitted).
 
 
 8
 Mr. Flanagan contends the FBI failed to comply with applicable regulations, and that the inventory search was a ruse to find incriminating evidence. Particularly, Mr. Flanagan contends that under applicable FBI regulations: (1) the FBI should have extended to Mr. Flanagan the opportunity for him to make arrangements for the disposition of the vehicle; (2) no prompt inventory of the vehicle was conducted; and (3) no receipt was prepared at the time of the seizure or as soon thereafter was practical.
 
 
 9
 The record fails to support Mr. Flanagan's arguments. The FBI agent testified the regulations require impoundment; that an immediate inventory was prepared showing the pickup and marijuana when the initial search was conducted; and that a detailed two-page inventory was prepared two days after the initial inventory search. Mr. Flanagan has asserted no prejudice as a result of the FBI's alleged failure to promptly deliver the receipt. The regulations extend no right to an arrestee to avoid an inventory search of his vehicle by making his own arrangements to safeguard his vehicle. See also Illinois v. Lafayette, 462 U.S. 640, 647 (1983) (reasonableness of search does not turn on existence of less intrusive means).
 
 
 10
 FBI regulations applicable to search and seizure, while a factor to be considered, are not in and of themselves determinative of the reasonableness of a search and seizure. Most of Mr. Flanagan's complaints involve post-seizure procedural matters. We must judge the reasonableness of a search and seizure under all circumstances existing at the time of the arrest.
 
 III.
 
 11
 Mr. Flanagan asserts it is probable that Mr. Flanagan's arrest and the impoundment of the vehicle was a ruse to conduct a contraband search. Again, Mr. Flanagan's argument has no support in the record and is based upon speculation. A warrant for Mr. Flanagan's arrest had been issued and was outstanding. The FBI agent testified he was acting pursuant to the warrant. Under these facts, the trial court's finding that the arrest was made pursuant to warrant cannot be said to be clearly erroneous and must stand.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3